## MAXCY v. BOYLES, County Surveyor, et al. (No. 928.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 29, 1924.)

Public lands ⚫️175(1)—Court's conclusion as to existence of unsurveyed lands warranted.

In a suit against a county surveyor to compel a survey of a strip of land, court's conclusion on the findings made that no vacant unsurveyed land lay between certain designated surveys held proper.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Mandamus by John W. Maxcy against J. S. Boyles, County Surveyor, and others. From a judgment denying the writ, plaintiff appeals. Affirmed.

Moody, Boyles, Walker & Scott, of Houston, for appellant.

W. W. Moore, T. J. Arnold, Tharp & Tharp, and Louis, Campbell & Nicholson, all of Houston, for appellees.

HIGHTOWER, C. J. The appellant, John W. Maxcy, as plaintiff below, filed this suit in the district court of Harris county against the county surveyor, J. S. Boyles, alleging that there was a strip of vacant and unsurveyed land in that county, which he desired to purchase, and which he described as follows:

"Beginning at the southeast corner of the James Gordon survey on the north line of the E. Thomas league. Thence north along the east line of the Gordon, Martinez, and Reels & Trobough surveys to the S. W. corner of the J. W. Maxcy patented survey, which corner is 1,950 varas south of Green's bayou, and marked by bearing trees described in the Maxcy patent. Thence east along the south line of the Maxcy pass his S. E. corner at 200 varas and with the south line of the Thos. Earle labor in all 390 varas to the N. W. corner of the Harris & Wilson league. Thence south 4,444 varas, more or less, to the stake on the north line of the E. Thomas league. Thence west along Thomas north line 390 varas, more or less, to the place of beginning, containing about 300 acres, more or less, of land."

Appellant further alleged that he had applied to the Commissioner of the General Land Office of Texas to purchase the land described, but that his application had been

declined and refused by the commissioner, and he prayed that the court issue a writ of mandamus compelling the county surveyor to proceed to survey said land, and for general relief.

The county surveyor, Boyles, filed his answer, and, besides, brought in other parties, each of whom filed answers, denying, among other things, that there was any vacancy as claimed by appellant, and filed other pleas unnecessary to mention.

The case was tried without a jury, and resulted in a judgment that the plaintiff take nothing by the suit, and denying the writ as prayed for.

It is appellant's contention, in substance, that the strip of land which he claims to be vacant lies between the west line of the Harris & Wilson league and the east line of the Reels & Trobough, C. Martinez survey, and the most southerly James Gordon survey, all in said county.

The court filed findings of fact and conclusions of law as follows:

"Findings of Fact.

"(1) The court finds that the surveyor, who originally surveyed and located upon the ground the Harris & Wilson league in Harris county, Tex., between Green's bayou and Buffalo bayou, in surveying and locating the same established the west line thereof as one continuous line running north and south, and being a prolongation, to Buffalo bayou, of the east line of the Reels & Trobough survey, as now fixed and located upon the ground.

"(2) The court further finds that he reached a point in said line, which he supposed at that time to be the southwest corner of the Thos. Earle labor, in said county, and thence proceeded east, as described in the original field notes of said survey.

"(3) The court finds that the east boundary lines of the Reels & Trobough survey, the C. Martinez, and the most Southerly Jas. Gordon survey is one continuous line, and that the same constitutes the west boundary line of the Harris & Wilson league, about referred to.

"(4) The court finds that the surveyor, in originally surveying and locating said Harris & Wilson survey on the ground, intended to and did include in the superficial boundaries of said league all of the land then situated between Green's bayou and Buffalo bayou, and the E. Thomas survey, and the most southerly Jas. Gordon survey, as since located, and the C. Martinez survey as since located, and the Reels & Trobough survey, as the same had theretofore been established upon the ground, and the J. W. Maxcy 37½-acre survey, as since located upon the ground, and the Thomas Earle labor, with the exception of Wm. Vinces labor at the junction of Green's bayou with Buffalo bayou.

"(5) The court finds that the John Brown survey and the Ezekial Thomas survey, in said county, are incapable of location upon the ground by the original field notes made therefor, and the only evidence offered of the location of either of said surveys is that of general reputation.

"(6) The court finds that the Reels & Trobough survey is definitely located upon the ground, because of its original field notes and natural objects, and that there is not and has never been any uncertainty or dispute as to the exact location of such survey upon the ground."

Conclusions of Law.

"(1) I conclude that there is no vacant or unsurveyed land between the west line of the Harris & Wilson league and the east line of the Reels & Trobough, C. Martinez and the most southerly Jas. Gordon surveys.

"(2) I conclude that, in constructing the field notes of the Harris & Wilson league upon the ground, and in following the footsteps of the surveyor who originally surveyed and located the same, that the call for the east line of the Reels & Trobough survey, being a call for a marked line of a survey whose location is fixed and certain, must control over the call for the southeast corner and east line of the E. Thomas survey, if it be claimed that the location of the east line of said Thomas survey is other than immediately south of and in a straight line with the east line of the Reels & Trobough survey, and because of the uncertainty and doubt as to the position of the east line of said Thomas survey, as originally located upon the ground, and because, also, of the east line of the Reels & Trobough survey being surveyed and located on the ground by the same surveyor who five years later surveyed and located the Harris & Wilson league.

"(3) I conclude that the application of the plaintiff for mandamus to the defendant Boyles, as county surveyor, should be refused."

Appellant, by proper assignment of error, challenges practically each finding of fact made by the trial court, as being without support in the evidence, and challenges also the conclusions of law based upon them.

We have gone through appellant's brief with much care, and have read the evidence contained in the statement of facts as a whole, and have concluded that each and all material fact findings made by the court have substantial support in the facts and circumstances as adduced upon the trial, and have concluded, with the trial court, that there is no vacancy between the surveys in question, as claimed by appellant, and that the trial court was correct in rendering his judgment denying the writ of mandamus as prayed for.

The judgment should be affirmed; and it has been so ordered.